## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DARYL HOBLIT | § |
| | § No.: 3:17-CV-00019 |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| CSX TRANSPORTATION, INC., | § |
| | § |
| Defendant. | § |

## MOTION TO DISMISS

Comes the Defendant, CSX Transportation, Inc., pursuant to Rule 41 of the Federal Rules of Civil Procedure, and respectfully moves the Court to dismiss Plaintiff's Complaint for the reason that Plaintiff has failed to reasonably prosecute his Complaint against the Defendant.

The grounds for this Motion are as follows:

(1) The District Court may dismiss a case for failure to prosecute, either on its own motion, or on motion of a party pursuant to Fed. R. Civ. P. 41(b). *See, Link v. Wabash Railroad Co.*, 370 U.S. 626, (1962). Subsection (b) to Rule 41 provides, in relevant part, that – "If the plaintiff fails to prosecute or to comply with these rules or a *court order*, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b) (emphasis added).

(2) "An action may be dismissed under Rule 41(b) if the plaintiff, without some explanation that is satisfactory to the court, is not ready for trial or if the plaintiff refuses to proceed at the trial." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2378, at 367-68 (2d ed. 1995); *see also, Knoll v. AT&T*, 176 F.3d 359, 364 (6th Cir. 1999) ("Where a plaintiff does not appear at the trial date or, as in this case, is inexcusably unprepared to prosecute the case, Rule 41(b) dismissal is particularly appropriate. Indeed, such behavior

1

constitutes the epitome of a 'failure to prosecute.'"); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (recognizing that a case may properly be dismissed by the district court where there is "a clear record of delay or contumacious conduct by the plaintiff."); *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993) ("The remedy [Rule 41(b) dismissal] is usually applied when the plaintiff is not ready for trial or fails to appear.").

(3)     In the present case, the Court filed a Scheduling Order on May 12, 2017, establishing cut-off dates and deadlines for various forms of required action on each of the parties. *(Document 9)*.

(4)     Plaintiff's Expert Disclosures were originally due to be made on March 24, 2018. The day before on March 23, 2018, Plaintiff moved for continuance and to extend deadlines. *(Document 13)*. This Motion was granted and, as a result, the trial of this case was continued and scheduled to commence on April 9, 2019. *(See Document 15)*. All deadlines contained in the Scheduling Order previously entered in the case, were adjusted to correspond with the new trial date by order of the United States District Judge Pamela L. Reeves.

(5)     In Plaintiff's Motion for Continuance, it was claimed that the parties had engaged in written discovery. In fact, the only written discovery was that served upon Plaintiff. Plaintiff has never served any form of written discovery on the Defendant. It was also contended that *"the parties have engaged in ... depositions."* In fact, the only deposition that was taken was that of the Plaintiff by the Defendant.

(6)     Plaintiff has not taken the deposition of any medical witness and the time for doing so has long passed pursuant to the Scheduling Order. All medical witnesses are out of state.

2

(7) Plaintiff has never served any form of written discovery on the Defendant nor has Plaintiff ever even inspected the site where this incident allegedly occurred. Plaintiff has never taken one single deposition of any defense witness.

(8) Plaintiff has never disclosed any expert and the time for doing so has long passed. (It is submitted testimony by treating physicians including opinion testimony on causation requires a Rule 26 Expert Disclosure). The Defendant, however, notified the Court that it had made Rule 26 Expert Disclosures pursuant to the Court's Scheduling Order and supplied to counsel for the Plaintiff the identity of such expert and his report in compliance with Rule 26 on November 14, 2018. *(Document 16).*

(9) The Defendant filed its Final Witness List in compliance with the Court's Scheduling Order on February 22, 2019. *(Document 18).* Plaintiff did not file a Final Witness List as required by the Scheduling Order.

(10) The Scheduling Order provided that Plaintiff's counsel should provide to defense counsel on February 25, 2019, a proposed Pretrial Order containing those items listed in the Scheduling Order. Plaintiff has not served on defense counsel such a proposed Pretrial Order.

(11) Plaintiff, however, did agree to stipulate certain medical records. Stipulated medical records from Premier Family Health of October 10, 2014, are attached to this Motion as ***Exhibit "A."*** Plaintiff contends that the alleged accident that forms the basis of his Federal Employer Liability Act Complaint against the Defendant took place on October 10, 2014. In fact, the medical records attached to this Motion clearly state that he was seen by a healthcare provider on October 10, 2014, and denied any form of trauma. Accordingly, it is understandable that Plaintiff would not prosecute the Complaint against the Defendant since the alleged accident

did in fact not happen. Furthermore, it would have been impossible for it to happen as claimed. *(See Report of Defendant's Expert, Dr. Bryce Anderson, attached as **Exhibit "B"** and incorporated herein by reference).*

Accordingly, it is certainly understandable why Plaintiff would not have taken any action whatsoever to prosecute this claim against the Defendant, and the Defendant respectfully submits that this case should be dismissed for failure to prosecute.

Respectfully submitted,

BAKER, O'KANE, ATKINS & THOMPSON, PLLP

S/ John W. Baker, Jr., Esq., BPR #001260
Emily L. Herman-Thompson, Esq., BPR #021518
*Attorneys for Defendant*
2607 Kingston Pike, Suite 200
P.O. Box 1708
Knoxville, Tennessee 37901-1708
(865) 637-5600-Office
(865) 637-5608-Fax
E-Mail: jbaker@boatlf.com
E-Mail: ethompson@boatlf.com

## CERTIFICATE OF SERVICE

I hereby certify that on ***February 27, 2019***, a copy of the foregoing ***Motion to Dismiss***, was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

S/ John W. Baker, Jr., Esq.